# EXHIBIT 1

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SAVE LONG BEACH ISLAND, INC., *et al.*,

      *Plaintiffs*,

   v.

UNITED STATES DEPARTMENT OF
COMMERCE, *et al.*,

      *Federal Defendants*,

ATLANTIC SHORES OFFSHORE WIND,
LLC,

      *Intervenor-Defendant.*

Case No.: 1:25-cv-02211-JMC

Judge Jia M. Cobb

**INTERVENOR-DEFENDANT
ATLANTIC SHORES OFFSHORE
WIND, LLC'S ANSWER TO
PLAINTIFFS' COMPLAINT**

Intervenor-Defendant Atlantic Shores Offshore Wind, LLC ("Atlantic Shores"), for its

Answer to the Complaint for Declaratory and Injunctive Relief To Set Aside Final Agency Action

("Complaint") filed by Plaintiffs Save Long Beach Island, Inc. ("SLBI"), Robert Stern, Ph.D.,

Captain Alan Shinn, Kline Brothers Landscaping, Coastal Living Real Estate Group, Captain Mike

Young, Sea Shell Resort, LBT10 Taxpayers Association Inc., Garden State Seafood Association,

and Vacation Rentals Jersey Shore, LLC ("Plaintiffs"), states as follows:

1.     The allegations in Paragraph 1 constitute Plaintiffs' characterization of the

Complaint and Plaintiffs' request for relief, to which no response is required. To the extent a

response is required, Atlantic Shores denies the allegations in Paragraph 1 and that Plaintiffs are

entitled to the requested relief or any relief whatsoever.

2.     Atlantic Shores admits that the United States executed Lease OCS-A 0499 on

February 4, 2016, and that, as a result of subsequent assignments of such lease, the Atlantic Shores

South Wind Project currently encompasses Lease OCS-A 0499, where Atlantic Shores Project 1

is located, and Lease OCS-A570, where Atlantic Shores Project 2 is located. Atlantic Shores otherwise denies the allegations in Paragraph 2.

3.    Atlantic Shores admits that, on May 15, 2023, the Bureau of Ocean Energy Management ("BOEM") announced the availability of the Draft Environmental Impact Statement ("DEIS") for the Construction and Operations Plan ("COP") submitted by Atlantic Shores Offshore Wind Project 1, LLC ("Project Company 1") and Atlantic Shores Offshore Wind Project 2, LLC ("Project Company 2"), for the Atlantic Shores South Wind Project (the "Project"). Atlantic Shores otherwise denies the allegations in Paragraph 3.

4.    Atlantic Shores admits that, on May 23, 2024, BOEM gave notice of the availability of the Final Environmental Impact Statement ("FEIS") for the COP submitted by Project Companies 1 and 2 for the Project. Atlantic Shores otherwise denies the allegation in Paragraph 4.

5.    The allegations in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 5.

6.    The allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 6.

7.    The allegation in Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Atlantic Shores denies the allegation in Paragraph 7.

8.    The allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 8.

9.    The allegation in the first sentence of Paragraph 9 constitutes Plaintiffs' characterization of their request for relief, to which no response is required. To the extent a response is required, Atlantic Shores denies the allegation in the first sentence of Paragraph 9. The allegation in the second sentence of Paragraph 9 contains a legal conclusion to which no response is required. To the extent a response is required, Atlantic Shores denies the allegation in the second sentence of Paragraph 9.

10.    The allegations in Paragraph 10 constitute Plaintiffs' characterization of the allegations of the Complaint, to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 10 and denies that such allegations are effective to incorporate by reference all contents of the documents referenced therein.

11.    The allegations in Paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 11.

12.    The allegations in Paragraph 12 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 12.

13.    The allegations in Paragraph 13 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 13.

14.    Atlantic Shores admits that, by letter dated March 14, 2024, Plaintiff SLBI purported to provide a 60-day notice of intent to sue ("NOI") for alleged violations of Endangered Species Act ("ESA") Section 7. Atlantic Shores otherwise denies the allegations in sentence one of Paragraph 14 and, in particular, denies that any Plaintiff other than SLBI provided any such

notice, and denies that such letter satisfied applicable notice requirements. Atlantic Shores denies the allegations in the second, third, fourth, and fifth sentences of Paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

15.     Atlantic Shores admits that, by letter dated August 13, 2024, Plaintiffs SLBI and Robert Stern purported to provide an NOI for alleged violations of the Outer Continental Shelf Lands Act ("OCSLA"), and that, by letter dated September 12, 2024, Surfside LLC ("Surfside"), which is not a Plaintiff herein, purported to provide an NOI for alleged violations of the OCSLA. Atlantic Shores otherwise denies the allegations in sentence one of Paragraph 15 and, in particular, denies that any Plaintiff other than SLBI and Stern provided such notice, and denies that such letter satisfied applicable notice requirements. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies the allegations.

16.     The allegations in Paragraph 16 state legal conclusions regarding venue, to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 16.

17.     Atlantic Shores denies the allegations in the first through fourth sentences of Paragraph 17, except only that Atlantic Shores admits that portion of the fourth sentence of Paragraph 17 which alleges that marine mammals are important to oceanic ecosystems. The fifth and sixth sentences of Paragraph 17 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in the sixth sentence of Paragraph 17, except only that Atlantic Shores admits that the North Atlantic Right Whale ("NARW") is an endangered species.

18.     Atlantic Shores lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 18 and therefore denies the allegations.

19. Atlantic Shores admits the allegations in the first sentence of Paragraph 19; denies the allegations in the second, third, fourth, sixth, seventh, eighth, ninth and tenth sentences of Paragraph 19; and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 19 and therefore denies those allegations. The allegations in the eleventh sentence of Paragraph 19 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies those allegations.

20. Paragraph 20 does not include any allegations to which a response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 20.

21. Atlantic Shores denies the allegations in the tenth, twelfth, fifteenth, seventeenth, eighteenth, twenty-sixth, thirty-third, thirty-fourth, thirty-seventh, and thirty-eighth sentences of Paragraph 21. The allegations in the thirty-ninth sentence of Paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies those allegations. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies those allegations.

22. Atlantic Shores denies the allegations in the fifth, sixth, eight, and twelfth sentences of Paragraph 22. The allegations in the ninth and tenth sentences of Paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies those allegations. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through fourth, seventh, and eleventh sentences of Paragraph 22 and therefore denies the allegations.

23. Atlantic Shores denies the allegations in the ninth sentence of Paragraph 23. The allegations in the tenth and eleventh sentences of Paragraph 23 state legal conclusions to which no

response is required. To the extent a response is required, Atlantic Shores denies those allegations. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through eighth sentences of Paragraph 23 and therefore denies the allegations.

24.    Atlantic Shores denies the allegations in the second, third, and sixth through eighth sentences of Paragraph 24. The allegations in the final sentence of Paragraph 24 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies those allegations. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, fourth, and fifth sentences of Paragraph 24 and therefore denies the allegations.

25.    Atlantic Shores denies the allegations in the fourth, fifth, seventh, and tenth sentences of Paragraph 25. The allegations in the eighth and ninth sentences of Paragraph 25 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies those allegations. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through third, and sixth sentences of Paragraph 25 and therefore denies the allegations.

26.    Atlantic Shores denies the allegations in the fifth sentence of Paragraph 26. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of Paragraph 26 and therefore denies the allegations.

27.    Atlantic Shores denies the allegations in the fifth sentence of Paragraph 27. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of Paragraph 27 and therefore denies the allegations.

28.    Atlantic Shores denies the allegations in the fourth through seventh, and eleventh

sentences of Paragraph 28. The allegations in the eighth and ninth sentences of Paragraph 28 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies those allegations. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through third, and tenth sentences of Paragraph 28 and therefore denies the allegations.

29.     Atlantic Shores admits the allegation in the first sentence Paragraph 29. The second sentence of Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies those allegations for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

30.     Atlantic Shores admits that Eugenio Piñeiro Soler is the current director of the National Oceanic and Atmospheric Administration's National Marine Fisheries Service ("NOAA Fisheries" or "NMFS").  Atlantic Shores otherwise denies the allegations in Paragraph 30.

31.     Atlantic Shores admits that Howard W. Lutnick is the current United States Secretary of Commerce. Atlantic Shores otherwise denies the allegations in Paragraph 31.

32.     Atlantic Shores admits that the U.S. Department of Commerce is an executive branch department of the U.S. federal government. Atlantic Shores otherwise denies the allegations in Paragraph 32.

33.     Atlantic Shores admits that the Bureau of Ocean Energy Management is a federal agency within the U.S. Department of the Interior. The remaining allegations of Paragraph 33 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies those allegations for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

34.     Atlantic Shores denies the allegations in Paragraph 34.  The current Acting Director

of BOEM is Matthew Giacona.

35.     Atlantic Shores admits that the U.S. Department of the Interior is an executive branch department of the U.S. federal government. Atlantic Shores otherwise denies the allegations in Paragraph 35.

36.     Atlantic Shores admits that Doug Burgum is the current Secretary of the U.S. Department of the Interior. Atlantic Shores otherwise denies the allegations in Paragraph 36.

37.     Atlantic Shores admits that the United States executed Lease OCS-A 0499 on February 4, 2016, and that, as a result of subsequent assignments of such lease, the Atlantic Shores South Wind Project currently encompasses Lease OCS-A 0499, where Atlantic Shores Project 1 is located, and Lease OCS-A570, where Atlantic Shores Project 2 is located. Atlantic Shores otherwise denies the allegations in Paragraph 37.

38.     Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 as to the characterization and date of issuance of the referenced document, and otherwise denies the allegations in Paragraph 38.

39.     Atlantic Shores admits that, on May 19, 2023, BOEM published in the Federal Register a Notice of Availability of the DEIS for the Project COP and otherwise denies the allegations in the first sentence of Paragraph 39. Atlantic Shores admits the allegations in the second sentence of Paragraph 39.

40.     Atlantic Shores admits that, on June 29, 2023, SLBI submitted comments to BOEM on the DEIS for the COP for the Project and otherwise denies the allegations in Paragraph 40.

41.     Atlantic Shores denies the allegations in Paragraph 41 for failing to set forth fully and accurately the contents of the referenced document.

42.     Atlantic Shores denies the allegations in the first two sentences of Paragraph 42;

admits that the referenced document contains the text quoted in the bullets of Paragraph 42; and denies that the quoted text fully and accurately sets forth the content of the referenced document.

43.     Atlantic Shores denies the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 44.

45.     Atlantic Shores admits that, by letter dated March 14, 2024, Plaintiff SLBI purported to provide an NOI for alleged violations of ESA Section 7. Atlantic Shores otherwise denies the allegations in Paragraph 45.

46.     Atlantic Shores denies the allegations in Paragraph 46.

47.     Paragraph 47 fails to set forth any allegations and constitutes an improper use of Federal Rules of Civil Procedure, Rule 10(c), and therefore requires no response. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 47.

48.     Atlantic Shores denies the allegations in Paragraph 48.

49.     Atlantic Shores admits that the original schedule contemplated by the referenced five-year incidental take regulation contemplated HRG surveys beginning in 2025 and otherwise denies the allegations in Paragraph 49 for failing to fully and accurately set forth the terms and conditions of such incidental take regulation and associated and letter of authorization.

50.     Atlantic Shores denies the allegations in Paragraph 50.

51.     Atlantic Shores incorporates its responses to Paragraphs 1 through 50 of the Complaint as if fully restated herein.

52.     The allegations in Paragraph 52 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph

9

52 for failing to fully and accurately set forth the provisions, purpose and policies of the National Environmental Protect Act ("NEPA"), which speaks for itself.

53. The allegations in Paragraph 53 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 53 for failing to fully and accurately set forth the applicable requirements of NEPA, which speaks for itself.

54. The allegations in Paragraph 54 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 54 for failing to fully and accurately set forth the cited regulatory provisions, which speak for themselves.

55. The allegations in Paragraph 55 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 55 for failing to fully and accurately set forth the cited statutory and regulatory provisions, which speak for themselves.

56. The allegations in Paragraph 56 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 56 for failing to fully and accurately set forth the cited court decision and other relevant case law, which speaks for itself.

57. The allegations in Paragraph 57 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 57 for failing to fully and accurately set forth the cited regulatory provisions and case law, which speak for themselves.

58. The allegations in Paragraph 58 state legal conclusions to which no response is

required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 58.

59.     Atlantic Shores denies the allegations in Paragraph 59.

60.     The allegations in Paragraph 60 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 60 for failing to fully and accurately set forth the cited statutory and regulatory provisions, which speak for themselves.

61.     Atlantic Shores denies the allegations in Paragraph 61.

62.     Atlantic Shores denies the allegations in Paragraph 62.

63.     Atlantic Shores denies the allegations in Paragraph 63.

64.     Atlantic Shores incorporates its responses to Paragraphs 1 through 63 of the Complaint as if fully restated herein.

65.     The allegations in Paragraph 65 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies that Paragraph 65 fully and accurately sets forth the provisions and purpose of the ESA, which speaks for itself.

66.     The allegations in Paragraph 66 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 66 for failing to fully and accurately set forth the cited statutory provision, which speaks for itself.

67.     The allegations in Paragraph 67 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies that Paragraph 67 fully and accurately sets forth Congress's intent in passing the ESA.

68.     The allegations in Paragraph 68 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies that Paragraph 68 fully and

11

accurately sets forth the procedure for review of agency determinations under the ESA.

69.    The allegations in Paragraph 69 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies that Paragraph 69 fully and accurately sets forth Section 7(a)(2) of the ESA, which speaks for itself.

70.    The allegations in Paragraph 70 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies that Paragraph 70 fully and accurately sets forth the ESA's requirements regarding the use of best available data.

71.    The allegations in Paragraph 71 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 71 for failing to fully and accurately set forth the cited case law, which speaks for itself.

72.    The allegations in Paragraph 72 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 72 for failing to fully and accurately set forth the cited case law, which speaks for itself.

73.    The allegations in Paragraph 73 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 73 for failing to fully and accurately set forth the definitions of "take" or "harm" under applicable ESA regulations, which speak for themselves.

74.    Atlantic Shores denies the allegations in Paragraph 74.

75.    Atlantic Shores denies the allegations in Paragraph 75.

76.    Atlantic Shores denies the allegations in Paragraph 76.

77.    Atlantic Shores denies the allegations in Paragraph 77.

78.    Atlantic Shores denies the allegations in Paragraph 78.

79.    Atlantic Shores denies the allegations in Paragraph 79.

80. Atlantic Shores denies the allegations in Paragraph 80.

81. Atlantic Shores denies the allegations in Paragraph 81.

82. Atlantic Shores denies the allegations in Paragraph 82.

83. Atlantic Shores denies the allegations in Paragraph 83.

84. Atlantic Shores admits that the Biological Opinion ("BiOp") for the Project cites, among other things, a July 13, 2023, Biological Assessment prepared by BOEM and supporting reports prepared by JASCO Applied Sciences, Inc. Atlantic Shores otherwise denies the allegations in Paragraph 84.

85. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies the allegations.

86. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore denies the allegations.

87. Atlantic Shores denies the allegations in Paragraph 87.

88. Atlantic Shores admits that the BiOp cites JASCO's Animal Simulation Model Including Noise Exposure "[t]o estimate the probability of exposure of sea turtles and marine mammals to sound during foundation installation" and "[t]o estimate the probability of exposure of animals to sound above NMFS' harassment thresholds during foundation installation" but otherwise denies the allegations in sentence one of Paragraph 88. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentence of Paragraph 88, and therefore denies the allegations.

89. Atlantic Shores denies the allegations in Paragraph 89.

90. Atlantic Shores denies the allegations in Paragraph 90.

91. Atlantic Shores denies the allegations in Paragraph 91.

92.     Atlantic Shores denies the allegations in Paragraph 92.

93.     Atlantic Shores denies the allegations in Paragraph 93.

94.     Atlantic Shores denies the allegations in Paragraph 94.

95.     Atlantic Shores denies the allegations in Paragraph 95.

96.     Atlantic Shores denies the allegations in Paragraph 96.

97.     Atlantic Shores denies the allegations in Paragraph 97.

98.     Atlantic Shores denies the allegations in Paragraph 98.

99.     Atlantic Shores denies the allegations in Paragraph 99.

100.    Atlantic Shores denies the allegations in Paragraph 100.

101.    Atlantic Shores denies the allegations in Paragraph 101.

102.    Atlantic Shores denies the allegations in Paragraph 102.

103.    Atlantic Shores denies the allegations in Paragraph 103.

104.    Atlantic Shores denies the allegations in Paragraph 104.

105.    Atlantic Shores denies the allegations in Paragraph 105.

106.    Atlantic Shores denies the allegations in Paragraph 106, including for consisting of materials outside the agency's administrative record.

107.    Atlantic Shores denies the allegations in Paragraph 107, including for consisting of materials outside the agency's administrative record.

108.    Atlantic Shores denies the allegations in Paragraph 108, including for consisting of materials outside the agency's administrative record.

109.    Atlantic Shores denies the allegations in Paragraph 109, including for consisting of materials outside the agency's administrative record.

110.    Atlantic Shores denies the allegations in Paragraph 110, including for consisting of

14

materials outside the agency's administrative record.

111.    Atlantic Shores denies the allegations in Paragraph 111.

112.    Atlantic Shores admits that the BiOp contains the quoted language and otherwise denies the allegations in Paragraph 112.

113.    Atlantic Shores denies the allegations in Paragraph 113.

114.    Atlantic Shores denies the allegations in Paragraph 114.

115.    Atlantic Shores denies the allegations in the first sentence of Paragraph 115 for failing to set forth fully and accurately the relevant contents of the BiOp. Atlantic Shores admits that BOEM identifies the following six leases as being in the NY/NJ Bight: Attentive Energy LLC (OCS-A 0538), Atlantic Shores Offshore Wind Bight, LLC (OCS-A 0541), Vineyard Mid-Atlantic LLC (OCS-A 0544), Bluepoint Wind, LLC (OCS-A 0537), Community Offshore Wind, LLC (OCS-A 0539), and Invenergy Wind Offshore LLC (OCS-A 0542). Atlantic Shores otherwise denies the allegations in Paragraph 115.

116.    Atlantic Shores denies the allegations in Paragraph 116.

117.    Atlantic Shores denies the allegations in Paragraph 117, including that the BiOp should have considered the cumulative effects of operational noise from future federal offshore wind projects.

118.    Atlantic Shores denies the allegations in the first three sentences of Paragraph 118 for failing to set forth fully and accurately the contents of the referenced BiOp, which speaks for itself. The allegations in sentence four of Paragraph 118 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in sentence four of Paragraph 118.

119.    Atlantic Shores denies the allegations in Paragraph 119.

15

120. Atlantic Shores denies the allegations in Paragraph 120.

121. Atlantic Shores denies the allegations in Paragraph 121.

122. Atlantic Shores denies the allegations in Paragraph 122.

123. Atlantic Shores denies the allegations in Paragraph 123 for failing to fully and accurately set forth the contents of the BiOp, which speaks for itself.

124. Atlantic Shores denies the allegations in Paragraph 124.

125. Atlantic Shores denies the allegations in the first through sixth, and eighth sentences of Paragraph 125, including for consisting of materials outside the agency's administrative record. Atlantic Shores denies the allegations in the seventh sentence for failing to set forth fully and accurately the contents of the referenced "'Bellman' report."

126. Atlantic Shores denies the allegations in Paragraph 126, including for consisting of materials outside the agency's administrative record.

127. Atlantic Shores denies the allegations in Paragraph 127, including for consisting of materials outside the agency's administrative record.

128. Atlantic Shores denies the allegations in Paragraph 128.

129. Atlantic Shores denies the allegations in Paragraph 129.

130. Atlantic Shores denies the allegations in Paragraph 130, including for consisting of materials outside the agency's administrative record.

131. Atlantic Shores denies the allegations in Paragraph 131.

132. Atlantic Shores denies the allegations in Paragraph 132 for failing to fully and accurately set forth the contents of the BiOp, which speaks for itself.

133. Atlantic Shores denies the allegations in Paragraph 133.

134. Atlantic denies the allegations in Paragraph 134, including for consisting of

materials outside the agency's administrative record.

135.    Atlantic Shores denies the allegations in Paragraph 135, including because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and because the allegations consist of materials outside the agency's administrative record.

136.    Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, including the chart provided therein, and therefore denies the allegations. Atlantic Shores further denies those allegations for consisting of materials outside the agency's administrative record.

137.    Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and therefore denies the allegations. Atlantic Shores further denies those allegations for consisting of materials outside the agency's administrative record.

138.    Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, and therefore denies the allegations. Atlantic Shores further denies those allegations for consisting of materials outside the agency's administrative record.

139.    Atlantic Shores denies the allegations in Paragraph 139 for failing to fully and accurately set forth the cited documents, which speak for themselves. Atlantic Shores further denies those allegations for consisting of materials outside the agency's administrative record.

140.    Atlantic Shores denies the allegations in Paragraph 140 for failing to fully and accurately set forth the contents of the cited documents, which speak for themselves. Atlantic Shores further denies those allegations for consisting of materials outside the agency's administrative record.

17

141.    Atlantic Shores denies the allegations in Paragraph 141.

142.    Atlantic Shores denies the allegations in Paragraph 142.

143.    Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143, and therefore denies the allegations. Atlantic Shores further denies those allegations for consisting of materials outside the agency's administrative record.

144.    Atlantic Shores denies the allegations in Paragraph 144.

145.    Atlantic Shores denies the allegations in Paragraph 145 for failing to fully and accurately set forth the contents of the documents referenced therein, which speak for themselves. Atlantic Shores further denies those allegations for consisting of materials outside the agency's administrative record.

146.    Atlantic Shores denies the allegations in Paragraph 146, including on the ground that they are contrary to, and not supported by the contents of the applicable administrative record.

147.    Atlantic Shores denies the allegations in Paragraph 147, including on the ground that they are contrary to, and not supported by the contents of the applicable administrative record.

148.    Atlantic Shores denies the allegations in Paragraph 148, including on the ground that they are contrary to, and not supported by the contents of the applicable administrative record.

149.    Atlantic Shores denies the allegations in sentence one of Paragraph 149 for failing to fully and accurately set forth the contents of the BiOp, which speaks for itself. Sentence two of Paragraph 149 does not include any allegations. To the extent it does, Atlantic Shores denies the allegations in sentence two of Paragraph 149.

150.    Atlantic Shores admits that the BiOp includes the text quoted in Paragraph 150 but otherwise denies the allegations in Paragraph 150, including on the ground that they are contrary

18

to, and not supported by, the contents of the applicable administrative record.

151. Atlantic Shores denies the allegations in Paragraph 151, including on the ground that they are contrary to, and not supported by, the contents of the applicable administrative record.

152. Atlantic Shores denies the allegations in Paragraph 152, including on the ground that they are contrary to, and not supported by, the contents of the applicable administrative record. Atlantic Shores also denies that the allegations of Paragraph 152 fully and accurately set forth the contents of the cited court decision, which speaks for itself.

153. Atlantic Shores denies the allegations in Paragraph 153, including on the ground that they are contrary to, and not supported by, the contents of the applicable administrative record.

154. Atlantic Shores denies the allegations in Paragraph 154.

155. Atlantic Shores denies the allegations in Paragraph 155, including on the ground that they rest on materials outside the administrative record are contrary to, and not supported by, the administrative record.

156. Atlantic Shores denies the allegations in Paragraph 156.

157. Atlantic Shores denies the allegations in Paragraph 157.

158. Atlantic Shores denies the allegations in Paragraph 158, including on the ground that they rest on materials outside the administrative record and are contrary to, and not supported by, the administrative record.

159. Atlantic Shores denies the allegations in Paragraph 159, including for failing to fully and accurately set forth the contents of the BiOp.

160. Atlantic Shores denies the allegations in Paragraph 160 for failing to fully and accurately set forth the contents of the BiOp, which speaks for itself, and for resting on assertions that are contrary to, and not supported by, the administrative record.

161.    Atlantic Shores denies the allegations in Paragraph 161 for failing to fully and accurately set forth the contents of the BiOp, which speaks for itself, and for resting on assertions that are contrary to, and not supported by, the administrative record.

162.    Atlantic Shores denies the allegations in Paragraph 162 for failing to fully and accurately set forth the contents of the BiOp, which speaks for itself, and for resting on assertions that are contrary to, and not supported by, the administrative record.

163.    Atlantic Shores denies the allegations in Paragraph 163 for failing to fully and accurately set forth the contents of the BiOp, which speaks for itself, and for resting on assertions that are contrary to, and not supported by, the administrative record.

164.    Atlantic Shores denies the allegations in Paragraph 164, including for resting on assertions that are contrary to, and not supported by, the administrative record.

165.    Atlantic Shores denies the allegations in Paragraph 165, including for resting on assertions that are contrary to, and not supported by, the administrative record.

166.    Atlantic Shores denies the allegations in Paragraph 166, including for resting on materials that are outside the administrative record and on assertions that are contrary to, and not supported by, the administrative record.

167.    Atlantic Shores denies the allegations in Paragraph 167, including for resting on materials that are outside the administrative record and on assertions that are contrary to, and not supported by, the administrative record.

168.    Atlantic Shores denies the allegations in Paragraph 168, including for resting on materials that are outside the administrative record and on assertions that are contrary to, and not supported by, the administrative record.

169.    Atlantic Shores denies the allegations in Paragraph 169.

20

170.    Atlantic Shores denies the allegations in Paragraph 170, including for resting on materials that are outside the administrative record and on assertions that are contrary to, and not supported by, the administrative record.

171.    Atlantic Shores denies the allegations in Paragraph 171.

172.    Atlantic Shores incorporates its responses to Paragraphs 1 through 171 of the Complaint as if fully restated herein.

173.    Atlantic Shores denies the allegation in Paragraph 173.

174.    The allegations in sentence one of Paragraph 174 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in sentence one of Paragraph 174 for failing to set forth fully and accurately the contents of the cited statutory provision, which speaks for itself. Atlantic Shores denies the allegations in sentence two of Paragraph 174.

175.    The allegations in sentence one of Paragraph 175 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 175 for failing to set forth fully and accurately the purpose and provisions of the Marine Mammal Protection Act ("MMPA") and the contents of the webpage referenced therein, which speaks for itself.

176.    The allegations in Paragraph 176 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 176 for failing to set forth fully and accurately the contents of the cited statutory provision, which speaks for itself.

177.    The allegations in Paragraph 177 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph

177 for failing to set forth fully and accurately the contents of the cited statutory provision, which speaks for itself.

178.    The allegations in Paragraph 178 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 178 for failing to set forth fully and accurately the contents of relevant statutory provisions, which speak for themselves.

179.    The allegations in Paragraph 179 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 179 for failing to set forth fully and accurately the contents of the cited statutory and regulatory provisions, which speak for themselves.

180.    The allegations in Paragraph 180 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 180 for failing to set forth fully and accurately the contents of the cited statutory and regulatory provisions, which speak for themselves.

181.    The allegations in Paragraph 181 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 181 for failing to set forth fully and accurately the contents of relevant case law and statutory provisions, which speak for themselves.

182.    The allegations in Paragraph 182 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 182 for failing to set forth fully and accurately the contents of the referenced statutory provisions and cited regulatory provision, which speak for themselves.

183.    Atlantic Shores denies the allegations in Paragraph 183.

22

184.    Atlantic Shores denies the allegations in Paragraph 184.

185.    Atlantic Shores denies the allegations in Paragraph 185.

186.    Atlantic Shores denies the allegations in Paragraph 186 that are directed to Atlantic Shores. The allegations in Paragraph 186 regarding the "Empire Wind ITA" are not directed to Atlantic Shores and, as a result, no response is required. To the extent a response is nonetheless deemed to be required, Atlantic Shores denies such allegations.

187.    The allegations in Paragraph 187 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 187.

188.    The allegations in Paragraph 188 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 188.

189.    The allegations in Paragraph 189 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 189.

190.    Atlantic Shores denies the allegations in Paragraph 190 that are directed to Atlantic Shores. The allegations in Paragraph 190 regarding the "Empire Wind MMPA ITA" are not directed to Atlantic Shores and, as a result, no response is required. To the extent a response is nonetheless deemed to be required, Atlantic Shores denies such allegations.

191.    Atlantic Shores denies the allegations in Paragraph 191.

192.    Atlantic Shores denies the allegations in Paragraph 192.

193.    Atlantic Shores denies the allegations in Paragraph 193.

194.    Atlantic Shores denies the allegations in Paragraph 194.

195.    Atlantic Shores denies the allegations in Paragraph 195.

196.    Atlantic Shores denies the allegations in Paragraph 196.

197.    Atlantic Shores denies the allegations in Paragraph 197.

198.    Atlantic Shores denies the allegations in Paragraph 198.

199.    Atlantic Shores denies the allegations in Paragraph 199.

200.    Atlantic Shores denies the allegations in Paragraph 200.

201.    Atlantic Shores denies the allegations in Paragraph 201.

202.    Atlantic Shores denies the allegations in Paragraph 202.

203.    The allegations in Paragraph 203 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 203.

204.    Atlantic Shores denies the allegations in Paragraph 204.

205.    Atlantic Shores denies the allegations in Paragraph 205, including for resting on materials that are outside the administrative record and on assertions that are contrary to, and not supported by, the administrative record.

206.    The allegations in Paragraph 206 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 206.

207.    Atlantic Shores denies the allegations in Paragraph 207.

208.    Atlantic Shores denies the allegations in Paragraph 208.

209.    Atlantic Shores incorporates its responses to Paragraphs 1 through 208 of the Complaint as if fully restated herein.

210.    The allegations in Paragraph 210 state legal conclusions to which no response is

required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 210 for failing to set forth fully and accurately the contents of the cited statutory and regulatory provisions, which speak for themselves.

211.  Atlantic Shores admits the allegations in Paragraph 211.

212.  The allegations in Paragraph 212 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 212 for failing to set forth fully and accurately the contents of the cited rules, which speak for themselves.

213.  Atlantic Shores admits that the New Jersey Department of Environmental Protection issued a consistency determination for the Project but otherwise denies the allegations in sentence one of Paragraph 213. The allegations in sentences two and three of Paragraph 213 state legal conclusion to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 213.

214.  Atlantic Shores incorporates its responses to Paragraphs 1 through 214 of the Complaint as if fully restated herein.

215.  Atlantic Shores admits that it received an NOI for alleged violations of the OCSLA from counsel for Plaintiffs SLBI and Robert Stern, Ph.D. on August 13, 2024. Atlantic Shores otherwise denies the allegations in Paragraph 215.

216.  Atlantic Shores admits it received an NOI for alleged violations of the OCSLA from counsel for Surfside on September 12, 2024. Atlantic Shores otherwise denies the allegations in the first sentence of Paragraph 216. The second sentence of Paragraph 216 states legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in the second sentence of Paragraph 216.

217.    The allegations in the first, second, and third sentences of Paragraph 217 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in the first three sentences of Paragraph 217. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence four of Paragraph 217 and therefore denies the allegations.

218.    The allegations in Paragraph 218 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 218.

219.    Atlantic Shores denies the allegations in Paragraph 219.

220.    Atlantic Shores denies the allegations in Paragraph 220.

221.    Atlantic Shores denies the allegations in Paragraph 221.

222.    The allegations in Paragraph 222 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 222.

223.    The allegations in Paragraph 223 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 223.

224.    Atlantic Shores denies the allegations in Paragraph 224.

225.    Atlantic Shores denies the allegations in sentence one of Paragraph 225 for failing to set forth fully and accurately the contents of the cited documents, which speak for themselves. Atlantic Shores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence two of Paragraph 225, and therefore denies the allegations. Atlantic Shores denies the allegations in sentence three of Paragraph 225.

226.    The allegations in Paragraph 226 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations.

227.    The allegations in the Paragraph 227 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations in Paragraph 227.

228.    The allegations in the Paragraph 228 state legal conclusions to which no response is required. To the extent a response is required, Atlantic Shores denies the allegations for failing to set forth fully and accurately the contents of the cited regulatory provision, which speaks for itself.

229.    Atlantic Shores denies the allegations in Paragraph 229.

230.    Atlantic Shores denies the allegations in Paragraph 230.

231.    Atlantic Shores denies Plaintiffs are entitled to any relief, whether enumerated in Paragraph 231 of the Prayer for Relief or otherwise. Accordingly, Plaintiffs' prayer for relief should be denied in its entirety with prejudice, and Plaintiffs' Complaint dismissed.

232.    Atlantic Shores denies Plaintiffs are entitled to any relief, whether enumerated in Paragraph 232 of the Prayer for Relief or otherwise. Accordingly, Plaintiffs' prayer for relief should be denied in its entirety with prejudice, and Plaintiffs' Complaint dismissed.

233.    Atlantic Shores denies Plaintiffs are entitled to any relief, whether enumerated in Paragraph 233 of the Prayer for Relief or otherwise. Accordingly, Plaintiffs' prayer for relief should be denied in its entirety with prejudice, and Plaintiffs' Complaint dismissed.

234.    Atlantic Shores denies Plaintiffs are entitled to any relief, whether enumerated in Paragraph 234 of the Prayer for Relief or otherwise. Accordingly, Plaintiffs' prayer for relief should be denied in its entirety with prejudice, and Plaintiffs' Complaint dismissed.

235. Atlantic Shores denies Plaintiffs are entitled to any relief, whether enumerated in Paragraph 235 of the Prayer for Relief or otherwise. Accordingly, Plaintiffs' prayer for relief should be denied in its entirety with prejudice, and Plaintiffs' Complaint dismissed.

236. Atlantic Shores denies Plaintiffs are entitled to any relief, whether enumerated in Paragraph 236 of the Prayer for Relief or otherwise. Accordingly, Plaintiffs' prayer for relief should be denied in its entirety with prejudice, and Plaintiffs' Complaint dismissed.

237. Atlantic Shores denies Plaintiffs are entitled to any relief, whether enumerated in Paragraph 237 of the Prayer for Relief or otherwise. Accordingly, Plaintiffs' prayer for relief should be denied in its entirety with prejudice, and Plaintiffs' Complaint dismissed.

238. Atlantic Shores denies Plaintiffs are entitled to any relief, whether enumerated in Paragraph 238 of the Prayer for Relief or otherwise. Accordingly, Plaintiffs' prayer for relief should be denied in its entirety with prejudice, and Plaintiffs' Complaint dismissed.

239. Atlantic Shores denies Plaintiffs are entitled to any relief, whether enumerated in Paragraph 239 of the Prayer for Relief or otherwise. Accordingly, Plaintiffs' prayer for relief should be denied in its entirety with prejudice, and Plaintiffs' Complaint dismissed.

240. Atlantic Shores denies Plaintiffs are entitled to any relief, whether enumerated in Paragraph 240 of the Prayer for Relief or otherwise. Accordingly, Plaintiffs' prayer for relief should be denied in its entirety with prejudice, and Plaintiffs' Complaint dismissed.

## AFFIRMATIVE AND OTHER DEFENSES

The following matters are denominated as defenses without regard to whether they constitute affirmative defenses, and without altering Plaintiffs' burden of proof:

### FIRST DEFENSE

This Court does not have subject matter jurisdiction because Plaintiffs lack standing.

### SECOND DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted with respect to one or more of their claims.

### THIRD DEFENSE

Judicial review of Plaintiffs' claims is barred pursuant to 42 U.S.C.A. § 4370m-6(a)(1)(B) and other applicable law as to one or more Plaintiffs because such Plaintiffs did not submit a comment during the environmental review.

### FOURTH DEFENSE

Judicial review of Plaintiffs' claims is barred pursuant to 42 U.S.C.A. § 4370m-6(a)(1)(B) and other applicable law as to one more issues on which Plaintiffs seek judicial review because Plaintiffs cannot establish that any commenter filed a sufficiently detailed comment so as to put the lead agency on notice of the issue.

### FIFTH DEFENSE

One or more of Plaintiffs' claims is barred in whole or in part for failure to exhaust administrative remedies.

### SIXTH DEFENSE

One or more of Plaintiffs' claims is barred in whole or in part by res judicata and collateral estoppel.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by their reliance on materials outside the applicable administrative record.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because any and all final agency actions comported with the requirements of the Administrative Procedure Act.

## NINTH DEFENSE

Plaintiffs' claims for equitable relief are by unclean hands, waiver or estoppel.

WHEREFORE, Atlantic Shores requests entry of an order dismissing Plaintiffs' Complaint with prejudice, and granting Atlantic Shores such other and further relief as justice may require or as the Court may deem appropriate.

DATE: August 12, 2025                    Respectfully submitted,

*/s/* Hilary Tompkins
Hilary Tompkins (DC Bar No. 252895)
Brian Malat (DC Bar No. 1736216)
**HOGAN LOVELLS US LLP**
555 13th Street N.W.
Washington, D.C. 20004
Phone: (202) 637-5617
hilary.tompkins@hoganlovells.com
brian.malat@hoganlovells.com

*Counsel for Intervenor-Defendant Atlantic Shores Offshore Wind, LLC*

30

## <u>CERTIFICATE OF SERVICE</u>

I, Hilary Tompkins, hereby certify that on August 12, 2025, I caused to be served true and correct copies of Intervenor-Defendant Atlantic Shores Offshore Wind, LLC's Answer to Plaintiffs' Complaint, in accordance with the Federal Rules of Civil Procedure, via the Court's CM/ECF system, upon all parties who receive notice of the filing via the Court's CM/ECF system.


*/s/ Hilary Tompkins*
Hilary Tompkins