IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAVE LONG BEACH ISLAND, INC., *et al.*, ) <br> ) <br>    *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> COMMERCE, *et al.*, ) <br> ) <br>    *Federal Defendants*, ) <br> and ) <br> ) <br> ATLANTIC SHORES OFFSHORE WIND, LLC ) <br> ) <br>    *Defendant-Intervenor*. ) <br> ) | Case No. 1:25-cv-2211-JMC |

**DECLARATION OF MATTHEW GIACONA**

I, Matthew Giacona, declare as follows:

1. I am the Principal Deputy Director of the Bureau of Ocean Energy Management ("BOEM") within the Department of the Interior ("Department"). I have served as Principal Deputy Director since May 18, 2025. Prior to this role, I served as Senior Advisor to the Secretary from March 24, 2025, to May 17, 2025.

2. As part of my responsibilities as the Principal Deputy Director of BOEM, I oversee BOEM's implementation of the Administration's policies and serve as a liaison between BOEM staff and the Department's leadership. I have reviewed the Construction and Operations Plans ("COP") for offshore wind projects that have been considered and/or are under consideration by BOEM. Even if BOEM has previously approved a COP, the agency has a continuing obligation to ensure that the project meets statutory requirements, and I have instructed the agency accordingly.

1

3. On behalf of the Department, in my role as Principal Deputy Director of BOEM, I have reviewed the documents described below.

4. US Wind, Inc. was awarded a lease, OCS-A 0499,[1] under the Outer Continental Shelf Lands Act on November 9, 2015.  In December 2018, Lease OCS-A 0499 was assigned to EDF Renewables Development, Inc. Lease OCS-A 0499 was subsequently assigned to Atlantic Shores Offshore Wind, LLC ("Atlantic Shores") in August 2019.  Lease OCS-A 0499 was segregated into two lease areas on September 30, 2024, resulting in Lease OCS-A 0499 and Lease OCS-A 0570.

5. The lease did not authorize the lessee to perform any activity, unless Atlantic Shores submitted a construction and operation plan and BOEM subsequently approved it.  Commercial Lease of Submerged Lands for Renewable Energy Development on the Outer Continental Shelf, § 2 (2025) and 30 C.F.R. § 585.200.

6. On July 1, 2024, the Principal Deputy Assistant Secretary for Land and Minerals Management signed a Record of Decision ("ROD") for the Atlantic Shores Offshore Wind South Project COP (dated July 1, 2024).  A true and correct copy of the ROD and its appendices is attached as **Exhibit A**.  The ROD announced the Department's decision to approve the COP with modifications.  The ROD stated:

> The Secretary's actions must comply with OCSLA Subsection 8(p)(4) (43 U.S.C. § 1337(p)(4)), which "imposes a general duty on the Secretary to act in a manner providing for the subsection's [various] goals." According to M-Opinion 37067, "[t]he subsection does not require the Secretary to ensure that the goals are achieved to a particular degree, and she retains wide discretion to determine the appropriate balance between two or more goals that conflict or are otherwise in tension."

ROD at 6, *quoting* M-Opinion 37067 at 5.

---

[1] Available at https://www.data.boem.gov/PDFDocs/Scan/RENLEASES/1/1927.pdf.

7. Appendix B of the ROD is an Information Memorandum from the Chief of the Office of Renewable Energy Programs in BOEM to the Director of BOEM, with the subject, "Compliance Review of the Construction and Operations Plan for the Atlantic Shores Offshore Wind South Projects for Commercial Lease OCS-A 0499" (the "OCSLA Memo"). The OCSLA memo states: "BOEM has determined that the Project will comply with the Bureau's regulations and that the proposed activities will be carried out in a manner that provides for safety, protection of the environment, prevention of waste, and the other subsection 8(p)(4) factors." OCSLA Memo at 2.

8. On September 30, 2024, BOEM approved the Atlantic Shores Offshore Wind COP, which authorized construction and operation of two wind energy projects, Atlantic Shores South Project 1 and Atlantic Shores South Project 2. On the same day, BOEM issued two COP Approval letters: one to the Vice President of Atlantic Shores Offshore Wind Project 1, LLC and one to the Vice President of Atlantic Shores Offshore Wind Project 2, LLC, which are the holders of lease OCS-A 0499 and OCS-A 0570, respectively, informing them that the COP for the Atlantic Shores Offshore Wind Project was approved and transmitting conditions of COP approval.

9. On January 20, 2025, President Trump issued a Presidential Memorandum entitled, *Temporary Withdrawal of All Areas on the Outer Continental Shelf from Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects* (Presidential Wind Memo). Section 1 of the Presidential Wind Memo directs the Secretary of the Interior to "conduct a comprehensive review of the ecological, economic, and environmental necessity of terminating or amending any existing wind energy leases, identifying any legal bases for such removal, and submit a report with

recommendations to the President." A true and correct copy of the Presidential Wind Memo is attached as **Exhibit B**.

10. Separate from the lease review under Section 1, Section 2(a) of the Presidential Wind Memo directs the Secretary, along with the heads of other relevant agencies, to refrain from issuing new or renewed approvals for onshore or offshore wind projects "pending the completion of a comprehensive assessment and review of Federal wind leasing and permitting practices."

11. Secretary of the Interior Order 3437 was issued on July 29, 2025. Section 5(c) of that order directed the Department's Solicitor's Office to consider whether remand was appropriate in any cases challenging Department approvals associated with wind projects. A true and correct copy of Secretary of the Interior Order 3437 is attached as **Exhibit C**.

12. In a May 1, 2025 opinion, M-37086,[2] the Acting Solicitor for the Department concluded that Solicitor's Opinion M-37067,[3] issued in 2021, does not, in the Department's view, reflect a permissible interpretation of OCSLA section 8(p)(4) and withdrew M-37067. A true and correct copy of M-37086 and M-37067 are attached as **Exhibit D** and **Exhibit E**, respectively. The effect of withdrawing M-37067 was to reinstate the 2020 Solicitor's Opinion, M-37059,[4] that interpreted section 8(p)(4). According to M-37086, section 8(p) "counsels a Secretary to err on the side of ensuring less interference with reasonable uses." Further, M-37086 directed bureaus and offices within the Department, including

---

[2] The full title of M-37086 is "Withdrawal of Solicitor's Opinion M-37067 and Reinstatement of M-Opinion 37059, *Secretary's Duty to Prevent Interference with Reasonable Uses of Exclusive Economic Zone, the High Seas, and the Territorial Seas in Accordance with Outer Continental Shelf Lands Act Subsection 8(p)*, Alternate Energy-related Uses on the Outer Continental Shelf," May 1, 2025, Exhibit D.
[3] The full title of M-37067 is "Secretary's Duties under Subsection 8(p)(4) of the Outer Continental Shelf Lands Act When Authorizing Activities on the Outer Continental Shelf," April 9, 2021, Exhibit E.
[4] The full title of M-37509 is "Secretary's Duty to Prevent Interference with Reasonable Uses of the Exclusive Economic Zone, the High Seas, and the Territorial Seas in Accordance with Outer Continental Shelf Lands Act Subsection 8(p), *Alternate Energy-related Uses on the Outer Continental Shelf*," December 14, 2020.

4

BOEM, to re-evaluate any action taken in reliance on M-37067. One of the actions that was taken in accordance with M-37067 was a change to 30 C.F.R. § 585.102(a). Prior to 2024, that regulation's language was consistent with section 8(p)(4) of OCSLA. However, in 2024 BOEM promulgated a final rule to amend the language to be consistent with the now-withdrawn M-37067. BOEM is currently beginning preparations for a rulemaking that will amend that provision of the regulations, consistent with M-37086.

13. With respect to the Atlantic Shores Offshore Wind Project 1 and 2 COP approvals, the Department is in the process of undertaking the review called for in Section 1 of the Presidential Wind Memo and re-evaluating the decision to approve the COP as called for in M-37086. Based in part on the ROD's express reliance on the now withdrawn M-37067, I believe that the decision to approve the COP did not fully comply with section 8(p)(4) of OCSLA.

14. The OCSLA Memo's explanation of the purported compliance with the individual factors in section 8(p)(4) may have failed to account for all the impacts that the Atlantic Shores South Projects 1 and 2 may cause. Other record documents, such as the Environmental Impact Statement, may have also understated or obfuscated impacts that were then improperly weighed in reaching the determinations in the OCSLA Memo. As a result, BOEM's approval of the COP may not have been properly informed by a complete understanding of the impacts from the project and, therefore, may not have adequately ensured that all activities in the COP will be carried out in a manner that provides for prevention of interference with other reasonable uses of the Outer Continental Shelf ("OCS") and in a manner that provides for coordination with relevant Federal agencies.

15. The Department is undertaking a reconsideration of the COP, and upon completion of any required technical and environmental reviews, BOEM would reach a new decision on the COP: to either approve, disapprove, or approve with conditions. Since BOEM will be making a new agency action, BOEM will also need to consider the sufficiency of its existing environmental review, including reviews under the National Environmental Policy Act, National Historic Preservation Act, and Endangered Species Act.

16. As BOEM continues its Section 1 review of the Atlantic Shores Offshore Wind's leases, other issues may be identified that BOEM may also consider and address during any remand.

17. The timing of BOEM's reconsideration of the COP could be affected by the outcome of the Department's efforts to complete the comprehensive assessment directed in section 2(a) of the Presidential Wind Memo, including review of the leasing and COP-review process that BOEM used for this project. Section 2(a) of the Presidential Wind Memo does not prevent Interior from working towards a new COP decision. The Department generally continues to review, analyze, and process wind energy submissions and materials consistent with the Presidential Wind Memo and applicable law. The outcome of the comprehensive assessment will inform the Department's decision-making on reconsideration, and the time that may be necessary to complete the reconsideration.

18. As indicated in M-37086, BOEM is also considering changes made to its regulations, 30 C.F.R. Part 585, to conform to the withdrawn M-37067,[5] and BOEM is planning to proceed with rulemaking based on this review. The Department is also continuing to complete the review called for in Section 1 of the Presidential Wind Memo, and that

---

[5] See 89 Fed. Reg. 42,602, 42,643-44 (May 15, 2024).

review could result in identifying potential issues with Atlantic Shores Offshore Wind's leases. The projected timeline for both of those efforts is currently uncertain, and their outcomes, or the information developed during the processes, could inform BOEM's decision-making on reconsideration as well. As a result, it is difficult to predict the time necessary to complete BOEM's reconsideration of the COP.

19. I am aware that there are practical and legal impediments to starting construction on this project, including that on March 14, 2025, the Project's OCS Air permit was remanded back to the U.S. Environmental Protection Agency's ("EPA") Region 2 for reevaluation. A true and correct copy of the EPA's Environmental Appeals Board's remand order is attached as **Exhibit F**. Moreover, on May 29, 2025, Atlantic Shores submitted a notification to BOEM requesting a 270-day delay in its construction schedules and any related reports and deliverables under the approved COP. A true and correct of this letter is attached as **Exhibit G**. And, on August 13, 2025, the New Jersey Board of Public Utilities, at the request of Atlantic Shores Offshore Wind Project 1 LLC, vacated the Project's June 30, 2021 Offshore Renewable Energy Certificate Order. A true and correct copy of the Order is attached as **Exhibit H**.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 25th day of September, 2025

                                                                  _____
                                                                    Matthew Giacona
                                                                    Principal Deputy Director
                                                                    Bureau of Ocean Energy Management
                                                                    Department of the Interior